IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SONYA G. OLAKO,

    Plaintiff,

vs.

OHIO COUNTY COMMISSION, a
Public corporation; and
PATRICK BUTLER,
Individually and as Sheriff of
Ohio County, West Virginia,

    Defendants.

CIVIL ACTION NO. 5:13-cv-70
(Bailey)

Electronically Filed June 3, 2013

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGE OF THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
WEST VIRGINIA AT WHEELING

NOW COMES the defendants, the Ohio County Commission and Patrick Butler, by and through undersigned counsel, Mark A. Kepple, Esq., and the law firm of Bailey & Wyant, P.L.L.C., and for their Notice of Removal respectfully represents unto the Court as follows:

1. The plaintiff filed this civil action in the Circuit Court of Ohio County, West Virginia, on or about March 8, 2013.

2. The Ohio County Commission and Patrick Butler were served on May 13, 2013.

3. 28 USC §1331 provides that "the district court shall have original jurisdiction of all civil action arising under the constitution, laws or treaties of the United States."

4. Plaintiff's complaint asserts a "federal question" in that plaintiff asserts a claim based upon alleged violations of rights guaranteed by the United States Constitution. To-wit: see:



1

paragraph number 39 of plaintiff's complaint attached hereto as part of Exhibit A. Plaintiff specifically alleges "Free Speech, Due Process requirements, and the Right to Counsel." While it is agreed that the words "United States Constitution" are not specifically plead, a clear reading of plaintiff's complaint provides that the elements of a 42 U.S.C. §1983 claim, a First Amendment violation claim, a Fifth Amendment violation claim, and a Sixth Amendment violation claim are being made. In support of plaintiff's federal law claims, plaintiff has alleged that the defendant Butler and the Ohio County Commission, confronted the plaintiff about a comment she made on Facebook and wherein she advised the people reading the Facebook comment that she does not recommend a particular restaurant. As alleged in paragraph 16 of plaintiff's complaint, defendant Butler is a close friend and/or acquaintance of the restaurateur. Plaintiff further alleges in paragraph 17 of plaintiff's complaint that upon being confronted by defendant Butler (in his capacity as Sheriff) about her Facebook post (although not alleged, this Facebook post is clearly an exercise of her First Amendment Rights) the defendant Butler told her to "leave and don't come back." Plaintiff alleges such conduct and the discharge is contrary to public policy principles such as, "Free Speech, Due Process requirements, and the Right of Counsel." See: Paragraph 39 of plaintiff's Complaint. It has been recognized in this circuit that, "to state a claim under section 1983, a plaintiff must establish three elements: (1) the deprivation of the right secured by the Constitution or a Federal Statute; (2) by a person; (3) acting under color of state law." <u>Jenkins v. Medford</u> 119 F.3d 1156, 1159-60 (4th Cir.1996).

   5. For the purposes of this Notice of Removal, the defendant respectfully asserts that the necessary elements have been plead to successfully assert a 1983 claim. In this instance the 1983 claim at issue has as its foundation important personal Constitutional Rights guaranteed by the United States Constitution such as Free Speech (First Amendment), Due Process (Fifth Amendment), and Right to Counsel (Sixth Amendment). Thus, the foundational elements of


Bailey & Wyant
ATTORNEYS AT LAW

plaintiff's claims clearly reside in federal law and require that important federal law principles be interpreted, applied, and enforced.

6. There is no statement or averment that the plaintiff is not seeking a federal claim or right or that plaintiff is otherwise seeking to limit the presentation of this case to claims under West Virginia State Law or the West Virginia Constitution only.

7. Notwithstanding plaintiff's lack of citation to any federal statute or the United States Constitution, this matter has been artfully plead as a federal question case. In its very essence, this matter presents a Federal Constitutional Claim / 1983 Claim. Therefore, removal to the United States District Court of the Northern District of West Virginia is appropriate.

8. The defendant has filed this Notice of Removal within 30 days of the date that the plaintiff's summons and complaints were served upon the defendants.

9. Attached hereto are copies of all documents that have been filed in the Circuit Court of Ohio County. The documents are attached hereto as Exhibit A.

10. A copy of the Notice of Filing of the Notice of Removal was filed with the Circuit Court of Ohio County. Attached hereto and made a part hereof as Exhibit B.

**WHEREFORE**, the Defendant respectfully requests that the action now pending against the defendant in the Circuit Court of Ohio County, West Virginia, be removed to this Honorable Court.

Respectfully submitted this 3rd day of June, 2013.

OHIO COUNTY COMMISSION and
PATRICK BUTLER
By Counsel

_____
Mark A. Kepple, Esq.
W.Va. Bar ID # 7470

BAILEY & WYANT, P.L.L.C.
1219 Chapline Street
Wheeling, WV   26003
(304) 233-3100
(304) 233-0201



**IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA**

SONYA G. OLAKO,

    Plaintiff,

vs.

OHIO COUNTY COMMISSION, a Public corporation; and PATRICK BUTLER, Individually and as Sheriff of Ohio County, West Virginia,

    Defendants.

Civil Action No.:

### CERTIFICATE OF SERVICE

Service of the foregoing **NOTICE OF REMOVAL** was had upon the following by mailing a true and correct copy thereof by United States mail, postage prepaid, this 3rd day of June, 2013:

Nicholas A. Wininsky, Esq.
Wininsky Law Office
Pinebridge Commons - Suite 119
1580 McLaughlin Run Road
Pittsburgh, PA 15241



Mark A. Kepple, Esq.
W.Va. Bar Id. 7470
Bailey & Wyant, P.L.L.C.
1219 Chapline Street
Wheeling, WV 26003
Phone: (304) 233-3100
Fax: (304) 233-0201
mkepple@baileywyant.com