CERTIFIED TO BE A TRUE AND EXACT COPY OF THE ORIGINAL.

## IN THE CIRCUIT COURT OF
## OHIO COUNTY, WEST VIRGINIA

Sonya G. Olako

    Plaintiff.

vs.

CIVIL ACTION NO. 13-C-70

**OHIO COUNTY COMMISSION, a public corporation; and PATRICK BUTLER, individually and as Sheriff of Ohio County, West Virginia,**

    Defendants.

### COMPLAINT

COMES Now your Plaintiff, Sonya G. Olako, and for her Complaint against Defendants, Ohio County Commission, a public corporation, and Patrick Butler, individually and as Sheriff of Ohio County, West Virginia, states and alleges as follows:

### Parties

1. Plaintiff Sonya G. Olako is now and at all times material here was a resident and citizen of Ohio County, West Virginia.

2. Defendant Ohio County Commission (hereinafter referred to as the "Commission") is a public corporation with its principal place of business located at Room 215, City-County Building, 1500 Chapline St., Wheeling, West Virginia 26003.

3. Defendant Patrick Butler is now and at all times material herein was a resident and citizen of Ohio County, West Virginia and was the duly elected Sheriff of Ohio County, West Virginia.

4. At all times material herein, Defendant Butler was an agent, apparent agent, servant and/or employee of the Ohio County Commission.



### Jurisdiction and Venue

5. The Court has subject matter jurisdiction over the claims made by the Plaintiff herein pursuant to Article VIII, Section 6 of the West Virginia Constitution and W.Va. Code § 51-2-2.

6. This Court has personal jurisdiction over the Defendants because they conducted business in West Virginia at all times material herein and residents and/or citizens of the State of West Virginia.

7. Venue is proper in this Court pursuant to W.Va. Code §56-1-1 in that all material acts described herein occurred in Ohio County, West Virginia and Plaintiff's causes of action arose in Ohio County, West Virginia.

### Factual Allegations

8. At all times material herein, Plaintiff Sonya G. Olako was employed by Defendant Commission as an administrative assistant at the Ohio County Sheriff's Office. Plaintiff had been employed by Defendant Commission since approximately December of 2008.

9. At all times material herein, Defendant Butler was the duly elected Sheriff of Ohio County and was the direct supervisor of Plaintiff Sonya G. Olako.

10. At all times material herein, the terms and conditions of Plaintiff's employment with Defendant Commission were governed by the Ohio County Employee Handbook.

11. Section 26 of the Employee Handbook is entitled "Causes for Disciplinary Action" and sets forth a detailed list of actions and conduct which constitute cause for disciplinary action.

12. Section 27 of the Employee Handbook is entitled "End of Employment" and states that "[a]n employee who feels that he/she has been unjustly dismissed may request a

hearing before the Board. The request shall be submitted in writing within (10) working days after notification of discharge."

13. Section 28 of the Employee Handbook outlines and sets forth a grievance procedure for claims involving violations of the provisions of the Ohio County Employees Handbook, any statute or any written policy of the County Commission. Specifically, Section 28 states as follows:

> **LEVEL ONE**: If an employee believes that he or she has a grievance, the employee shall within fifteen (15) days of the date on which the event giving rise to the grievance occurred, or of the date on which the event became known to the employee, or of the most recent occurrence of a continuing practice giving rise to the grievance, request in writing, that a conference be scheduled with the immediate supervisor and the employee to discuss the nature of the grievance and the action or remedy sought. The conference must be held within three (3) working days of the date of the employee's request.
> The immediate supervisor shall respond to the grievance within two (2) days of the date of the conference.
>
> If the employee is not satisfied with the response, the employee may within ten (10) days of the receipt of the supervisor's response, file a written grievance with the immediate supervisor.
>
> The immediate supervisor shall provide the employee written decision on the filed grievance within five (5) days of the date the grievance was filed.
>
> **LEVEL TWO**: Within five (5) days of receipt of the decision, of the immediate supervisor to the filed grievance, an employee may appeal the decision to the department head, or if none, to the County Commission. The employee shall give written notice and a copy of the appeal to the immediate supervisor.
> Upon receipt of the appeal, the department head, or if none, the County Commission, shall hold a hearing at which time the immediate supervisor and the employee or employee's legal representative shall be entitled to present evidence and argue the issues involved. The employee shall be entitled to request, in writing, any non-privileged documents which the other part [sic] has in his or her control PROVIDED HOWEVER, that such request shall be made not later than three (3) days prior to the date of the hearing before the department head, or if none, the County Commission.
>
> The department head, or if none, the County Commission, shall render a decision, in writing, within five (5) days of the date of the hearing. The decision may affirm, modify, or reverse the decision appealed from. A copy of the decision shall be given to the employee and immediate supervisor.

In the event the immediate supervisor is in fact the department head and/or the County Commission, an employee shall move directly from Level One to Level Three.
All hearings, Level Two and above, shall be electronically recorded.

**LEVEL THREE**: Within five (5) days of receipt of the department head, or if none, the County Commission, decision, either the employee or immediate supervisor may appeal such decision to the Board. The appeal shall set out the specific reasons why the decision is believed to be incorrect. A copy of the appeal shall be given to the department head, or if none, the County Commission.

Upon receipt of the notice of the appeal, the department head, or if none, the County Commission, shall furnish the full record of the Level Two hearing to the Board.

Within twenty (20) days of receipt of the appeal, the Board shall hold a hearing. At such hearing, the Board may affirm, modify or reverse the decision of the department head, or if none, the County Commission. Such decision must be made, in writing, within ten (10) days of the date of the hearing.

**REMEDY**: If the employee or department head, or County Commission is not satisfied with the decision of the Board, he, she, or it may pursue any legal remedy which may be available.

14. On or about March 14, 2012, Plaintiff Sonya G. Olako ate at a local restaurant at which time, upon information and belief, her iPhone 4, 16GB, was stolen. Plaintiff has still not recovered her iPhone to date.

15. Thereafter, during the weekend of March 17 and 18, Plaintiff Sonya G. Olaka posted a comment on Facebook stating that her iPhone had been stolen at the restaurant and that she does not recommend the restaurant. Plaintiff Sonya G. Olako posted the comment from her home computer during non-working hours.

16. Upon information and belief, one of the owners of the local restaurant read and/or was informed about Plaintiff's comment on Facebook and reported this to Defendant Butler. Upon information and belief, the owner of the local restaurant and Defendant Butler are close friends and/or acquaintances.

17. On Monday, March 19, 2012, Plaintiff was confronted by Defendant Butler about her Facebook post and Defendant Butler told her to "leave and don't come back."

18. Thereafter, Plaintiff Sonya G. Olako left the Ohio County Sherriff's Office pursuant to the directive from Defendant Butler.

19. Shortly thereafter, Plaintiff Sonya G. Olako called the Human Resources Manager for Defendant Commission in order to file a grievance. During this conversation, the Human Resources Manager told Plaintiff that the matter had been sorted out and that Plaintiff was suspended for one day - Tuesday, March 20, 2012. Plaintiff was further told that she should return to work on Wednesday, March 21, 2012 and that she did not need to sign anything.

20. On Tuesday, March 20, 2012, the Human Resources Manager again told Plaintiff that she was suspended for one day and that she should return to work on Wednesday, March 21, 2012.

21. Additionally, on Tuesday, March 21, 2012, Defendant Butler told Plaintiff that she was suspended for two days and that she should return to work on Thursday, March 22, 2012.

22. Plaintiff returned to work on Thursday, March 22, 2012, at which Defendant Butler told her that she was to attend a hearing and/or meeting regarding the disciplinary action taken against her.

23. Plaintiff Sonya G. Olako requested that she be able to bring an attorney for the hearing and/or meeting which was denied by Defendant Butler. Defendant Butler thereafter told Plaintiff to leave her keys and door card and get out.

24. By letter dated March 23, 2012, the Human Resources Manager advised Plaintiff that Defendant Commission has "concluded that your employment status is now considered job abandonment."

25. On March 30, 2012, Plaintiff timely filed a "Request for Hearing and Notice of Grievance" pursuant to the "Level One" grievance procedure contained in Section 28 of the Employee Handbook. In said notice, Plaintiff requested the following:

(a) "[T]hat a conference be scheduled with the immediate supervisor and [herself and her counsel] to discuss the nature of the grievance and the action or remedy sought";

(b) That the conference be held as required within three working days of the request, and that the conference be held on Wednesday, April 4, 2012, at a time and location convenient to the parties and their counsel;

(c) That the supervisor and/or his or her counsel contact Plaintiff Sonya G. Olako's counsel to make reasonable arrangements for the convenience of the parties and counsel;

(d) That Plaintiff be specifically advised as to why she was told to leave her employment on March 19, 2012; why she was suspended for one day on March 20, 2012; why the suspension was increased to two days later on March 20, 2012; the reason for the one- and two-day suspensions on March 20, 2012; and the specific reason for taking Plaintiff Sonya G. Olako's keys and door card and sending her on home; and

(e) That Plaintiff be provided with any non-privileged documents which the Ohio County Commission and/or the Sheriff of Ohio County, West Virginia, has in their custody, control or possession, specifically including the entire personnel file of Plaintiff Sonya G. Olako.

26. By letter dated April 9, 2012, County Solicitor, Donald J. Tennant, Jr., stated the following to Plaintiff's counsel:

"[Plaintiff Sonya G. Olako] has legally abandoned her employment with Ohio County and has forfeited her rights, if any, held within the Ohio County Employee Handbook (July 1993). Thus, your request for a hearing is denied. Given Ms. Olako's actions and inactions, the County does not believe that Ms. Olako has any grievance under the Ohio County Employee Handbook."

6

27. The averments contained in Paragraphs 1 through 26 of this Complaint are incorporated *in toto* in each and every Count hereinafter alleged.

## Count I

### Breach of Contract

28. At all times material herein, Plaintiff Sonya G. Olako was employed by Defendant Commission as an administrative assistant in the Ohio County Sheriff's Office. During the relevant periods described herein, Plaintiff had an employment agreement with Defendant Commission as set forth in the Ohio County Employee Handbook.

29. At all times material herein, Defendant Commission made express or implied promises and offers relating to Plaintiff's employment with Defendant Commission via the Ohio County Employee Handbook which were accepted by Plaintiff by her retention of employment with Defendant Commission and staying on the job.

30. At all times material herein, Defendants had a contract of employment with Plaintiff Sonya G. Olako which they breached by discharging her without cause and failing to properly follow the termination and/or grievance procedures set forth in the Handbook.

31. As a direct and proximate result of the acts, conduct, and omissions of Defendants, as set forth herein this Count of the Complaint, Plaintiff was damaged and injured as is hereinafter set forth.

## Count II

### Breach of Implied Covenant of Good Faith and Fair Dealing

32. At all times material herein, Defendants breached their implied covenant of good faith and fair dealing which is inherent in every contract of employment, including the subject employment contract between Plaintiff and Defendants, by wrongfully suspending and

terminating and/or failing to provide proper warning and notice to Plaintiff of her imminent and/or constructive discharge.

33. Defendants further breached their covenant by willfully failing to follow the termination and grievance procedures expressly set forth in the Employee Handbook.

34. As a direct and proximate result of the actions, omissions, and conduct of Defendants as set forth in this Count of the Complaint, Plaintiff has been damaged and injured as hereinafter set forth.

## Count III

### Intentional Infliction of Emotional Distress

35. The Conduct of Defendants as described in this Complaint, specifically pertaining to the manner in which Defendants effected the discharge, was atrocious, intolerable, and so extreme and outrageous that it exceeded the bounds of decency.

36. The acts of Defendants as described in this Complaint were done with the intent to inflict emotional distress upon Plaintiff and/or were done recklessly when it was certain or substantially certain emotional distress would result from their conduct.

37. As a direct and proximate result of the actions of Defendants as described herein, Plaintiff Sonya G. Olako was caused to suffer severe emotional distress and was otherwise damaged and injured as is hereinafter described.

38. The emotional distress suffered by Plaintiff Sonya G. Olako is so severe that no reasonable person could be expected to endure it.

## Count IV

### Wrongful Discharge

39. The actions, conduct, and motivations of Defendants for discharging Plaintiff Sonya G. Olako directly contravened important public policy principles, specifically including free speech, due process requirements, and the right to counsel.

40. As a direct and proximate result of the Defendants' actions, conduct, and motivations described herein, Plaintiff has been damaged and injured as is hereinafter set forth.

### Damages

41. As a direct and proximate result of each wrongful and tortious act of the Defendants as described herein, Plaintiff Sonya G. Olako has sustained the following damages, injuries, and losses:

    (A)    Lost wages and benefits in an amount presently undetermined;

    (B)    Loss of future earnings, wages, capacity and benefits;

    (C)    Extreme mental and emotional distress, past and future;

    (D)    Loss of capacity to enjoy life and personal dignity, past and future; and

    (E)    Annoyance and inconvenience, humiliation, embarrassment, and aggravation, past and future.

### Punitive Damages

42. The acts, omission, and conduct of Defendants Commission and Butler as described herein, were willful, wanton, and malicious and/or reckless and/or done with criminal indifference to the civil rights of others, specifically including Plaintiff Sonya G. Olako and warrant the assessment of punitive damages.

43. Punitive damages are justified to punish Defendants for their willful, wanton, malicious, and reckless behavior which caused and/or contributed to the damages of Plaintiff.

44.     Punitive damages will further serve to deter these Defendants and other reckless companies and/or individuals from conducting business in West Virginia in this manner and profiting from such reprehensible conduct.

**Wherefore**, the Plaintiff Sonya G. Olako, demands judgment against the Defendants, jointly and severally, for:

(A)     An amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

(B)     An amount of punitive damages determined by a jury according to the laws of the State of West Virginia;

(C)     Pre-judgment and post-judgment interest as provided under the law;

(D)     Costs and attorney fees expended in the prosecution of this matter; and

(E)     Any and all further relief as a court and/or jury deem just and proper.

The minimum jurisdictional amount established for filing this action is satisfied.

<u>**PLAINTIFF DEMANDS A TRIAL BY JURY.**</u>

Respectfully Submitted,

**SONYA G. OLAKO**

By: *[signature]*
Of Counsel

Nicholas A. Wininsky
W. Va. State Bar No. 6426

WININSKY LAW OFFICES
Pinebridge Commons, Suite 119
1580 McLaughlin Run Road
Pittsburgh, PA  15241
(412) 221-0528
Counsel for Plaintiff

# WININSKY
## LAW OFFICES

13·C-70·  m

Nicholas A. Wininsky*

Pinebridge Commons
1580 McLaughlin Run Road
Suite 119
Pittsburgh, PA  15241

Telephone: (412) 221-0528
Fax: (412) 221-0529

* Also admitted in WV

March 8, 2013

Ms. Brenda Miller, Clerk
Ohio County Circuit Court
Ohio County Courthouse
15th and Chapline Streets
Wheeling, WV  26003

Re:  *Sonya G. Olako v. Ohio County Commission, a public corporation; and Patrick Butler, individually and as Sheriff of Ohio County, West Virginia*

Dear Brenda:

Enclosed please find the original and four (4) copies of the Complaint relating to the above matter. Also enclosed, please find the original and four (4)) copies of the Civil Case Information Statement along with a check in the amount of $185.00 representing the filing fee. We have also enclosed a self-addressed, stamped envelope for the return of a time/date stamped copy.

Thank you for your attention to this matter.

Very truly yours,

Nicholas A. Wininsky

NAW:cmb
Enclosures

CERTIFIED TO BE A TRUE AND EXACT COPY OF THE ORIGINAL.

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

In the Circuit Court, _____Ohio_____ County, West Virginia

## I. CASE STYLE:

**Plaintiff**

Sonya G. Olako
409 Richland Avenue
Wheeling, WV 26003-6940

vs.

**Defendants**

Ohio County Commission
Room 215 City-County Building
1500 Chapline Street
Wheeling, WV 26003

Patrick Butler, Sheriff of Ohio County
51 Sixteenth Street
Wheeling, WV 26003

Case # 13-C-70

Judge Daughan

**Days to Answer**    **Type of Service**

Hold Service

Hold Service

[Stamp: 2013 MAR -2 PM 2 43 BRENDA L. MILLER CIRCUIT COURT OF OHIO COUNTY]

Original and ____4____ copies of Complaint furnished herewith.

| PLAINTIFF: Sonya G. Olako | CASE NUMBER: |
| DEFENDANT: Ohio County Commission, a public corporation; and Patrick Butler, individually and as Sheriff of Ohio County, West Virginia | |

II. TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magistrate Court |
| ☐ Professional Malpractice | ☐ Contract | ☐ Petition for Modification of Magistrate Sentence |
| ☐ Personal Injury | ☐ Real Property | ☐ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☐ Other |
| X Other Tort | ☐ Appeal of Administrative Agency | |

III. JURY DEMAND:   X Yes     ☐ No

CASE WILL BE READY FOR TRIAL BY *(Month/Year)*:   March / 2014

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?   ☐ Yes   X No

- ☐ Wheelchair accessible hearing room and other facilities.
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired.
- ☐ Spokesperson or other auxiliary aid for the speech impaired.
- ☐ Other: _____

*Attorney Name:* Nicholas A. Wininsky

Representing:   X Plaintiff   ☐ Defendant

Firm:   Wininsky Law Offices     ☐ Cross-Complainant   ☐ Cross-Defendant

Address:   1580 McLaughlin Run Road, Pinebridge Commons, Suite 119, Pittsburgh, PA  15241

Telephone:   (412) 221-0528     Dated:   March 8, 2013

_Nicholas A. Wininsky_
Signature

☐ Pro Se

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA
ABSTRACT OF JUDGMENT

($185)

The State of West Virginia:

_Denya H Olako_      In Case No.: 13-C-70

vs

_Ohio County Commission_
_et al_

_____ 20___, Judgment was rendered in the Circuit Court of Ohio County, West Virgini
in favor of the Plaintiff _____ against the Defendant _
_____ for the sum of _____ ($ _____ ) Dollars.
With legal interest thereon from the _____ day of _____
_____ 20___, until paid and costs.

Teste: _____, Clerk
Clerk Circuit Court Ohio County

================================================================================
                          COSTS                                          COSTS
--------------------------------------------------------------------------------
CLERK                    $20.00          WITNESS FEE                  $_____
MAGISTRATE COURT         $_____       SUBPOENA/SUMMONS             $_____
  (If applicable)                          OVER 5 PER CASE .25 EACH
PROSECUTOR               $_____       SHERIFF ARREST FEE           $_____
COURT REPORTER (per day) $30.00          SECRETARY OF STATE SVC       $_____
JURY FEE                 $_____       ABSTRACTS/COPIES             $_____
JAIL FEE (prior to
         conviction)     $_____       POST JUDGMENT:
CRIME VICTIM FUND -(CVR) $_____         Writ of Execution    $_____
LAW ENFORCEMENT TRAINING $_____         Writ of Suggestion   $_____
REGIONAL JAIL AUTHORITY  $60.00            Suggestee Execution  $_____
SHERIFF SERVICE OF PROCESS $_____       Interrogatories in
FAMILY LAW MASTER - FLM  $_____           Aid of Execution   $_____
FAMILY PROTECTIVE SVC-DVF $_____
COURT SECURITY FUND      $5.00           RESTRICTED OR CERTIFIED MAIL _____
CC3-SOS SERV.            $_____
COURTHOUSE FACILITY IMPROVEMENT FUND $30.00   DV CIVIL LEGAL SERVICES FUND $20.00
REGIONAL JAIL PARTIAL REIMBURSEMENT $20.00    WV DEPUTY SHERIFF'S RETIREMENT
                                                    $2.00
OTHER Costs _____
                                         TOTAL COSTS          $_____

```
OFFICE OF THE CIRCUIT CLERK                    Receipt #:    74867
OHIO
1500 CHAPLINE ST.
WHEELING                                       Date Received: 03/08/13


Received From: WININSKY LAW                                    185.00

                                       SONYA G OLAKO
                  Style of Case            vs.
                                       OHIO COUNTY COMMISSION

                                            Case #:   13-C-70
In Payment of FILING
By Check       1844

                                       BRENDA L MILLER
                                    Clerk of the Circuit Court


                              By  _____
```

CERTIFIED TO BE A TRUE AND EXACT COPY OF THE ORIGINAL.

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

Sonya G. Olako,

       Plaintiff

vs.                                                Civil Action No. 13-C-70 G

OHIO COUNTY COMMISSION, a public
corporation; and PATRICK BUTLER, individually
and as Sheriff of Ohio County, West Virginia,

       Defendants

## PROOF OF SERVICE FORM

      I, Nicholas A. Wininsky, Esquire, declare that I am over the age of eighteen years and represent Plaintiff Sonya G. Olako in this action.

      On May 8, 2013, I contacted via e-mail Donald J. Tennant, Jr., Esquire, Solicitor for Defendant Ohio County Commission, and asked if he would accept service on behalf of Defendants in this action. On May 9, 2013, Mr. Tennant indicated via e-mail response that he would accept service on behalf of Defendants.

      By letter dated May 13, 2013, I served a time-stamped copy of the Complaint and Civil Case Information Statement on Donald J. Tennant, Jr., Esquire via United States mail enclosed in a sealed envelope with postage fully prepaid, addressed as follows:

                Donald J. Tennant, Jr., Esquire
                Ohio County Solicitor
                Tennant Law Offices
                38 15th Street, Suite 100
                Wheeling, WV 26003-3554

      I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 29, 2013 at Upper St. Clair, Pennsylvania.

_____                Nicholas A. Wininsky_____
Signature                                                             Type or Print Name

CASE 13-C-70          OHIO                                              PAGE 0001

SONYA G OLAKO                    vs. OHIO COUNTY COMMISSION


LINE   DATE    ACTION

  1  03/08/13  COMPLAINT;MEMO;SERVICE HELD
  2  05/30/13  PL'S PROOF OF SERVICE FORM